[Civ. No. 4419. Second Appellate District, Division Two.—November 23, 1923.]

## GOLDEN STATE REALTY COMPANY (a Corporation), Respondent, v. S. W. GOLDWATER, Appellant.

[1] MONEY LOANED—ACTION TO RECOVER—FINDING—CONFLICTING EVI-DENCE—APPEAL.—In this action to recover a sum of money alleged to have been loaned by plaintiff to defendant, but which defendant contended he obtained as the result of a transaction for the mutual exchange of checks in connection with a deal whereby he acquired from third persons certain stock in plaintiff and two other corporations, the trial court having found that the transaction between plaintiff and defendant constituted a loan, and the conflict in the evidence having been substantial, such finding was conclusive upon appeal.

[2] ID.—DISBURSEMENT OF MONEYS PAID THIRD PERSON—IRRELEVANT EVIDENCE.—Although the agreement whereby defendant acquired stock control of plaintiff corporation provided that, with the money they received from defendant, said third persons would immediately pay to said corporation all indebtedness owing by them to said corporation as shown by its books of account and that when said moneys were so paid in by them it would be disbursed forthwith toward discharging outstanding obligations of said corporation, in the action by said corporation to recover a sum of money loaned by it to defendant the trial court did not commit error in sustaining plaintiff's objection to a question asked one of said third persons on cross-examination as to the latter's knowledge of whether the particular money received from defendant went to pay any debts.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank S. Finlayson, Judge. Affirmed.

The facts are stated in the opinion of the court.

Frank E. Dominguez and Milton M. Cohen for Appellant.

Fred W. Heatherly for Respondent.

SHENK, J., *pro tem.*—This is an action to recover the sum of $2,026.50 alleged to have been loaned by the plaintiff to the defendant. Plaintiff obtained judgment for the full amount and defendant has appealed.

Under date of March 1, 1916, the defendant became obligated to purchase certain shares of stock. The offer and acceptance constituting the agreement are as follows:

"Los Angeles, Cal., March 1, 1916.

"To Mr. S. W. Goldwater:

"Dear Sir: We hereby agree to sell and deliver to you stocks of the Golden State Realty Co., California Agricultural and Farm Lands Ass'n., and Anaheim Land Syndicate, in amounts hereinafter set opposite our respective names, upon payment to us of the several amounts set opposite said names, to-wit:

|  | G. S. R. Co. | A. L. Synd. | C. A. & F. Ass'n. | Amounts |
|---|---|---|---|---|
| Sol Davis ........ | 33,825 | 7,588 | 23,271 | $3,700.01 |
| Alfred W. Allen.. | 11,702 | 1,795 | 8,045 | 1,479.00 |
| Leon Kornfeld ... | 4,473 | 105 | 3,069 | 547.50 |
|  | 50,000 | 9,488 | 34,385 | $5,726.51 |

"Said stock is to be sold with the understanding that we will, with said moneys, immediately pay to the Golden State Realty Company all indebtedness owing by us to said company as shown by its books of account; and further that when said moneys are so paid in by us same shall be disbursed forthwith toward discharging outstanding obligations of said Golden State Realty Company.

"If this proposal meets with your approval kindly sign acceptance hereon and the same shall constitute our agreement.

"Yours very truly,
"Sol Davis,
"Alfred W. Allen,
"Leon Kornfeld."

"Above proposal accepted this 1st day of March, 1916.
"S. W. Goldwater."

Pursuant to the foregoing agreement the defendant, by checks dated March 6, 1919, paid to Sol. Davis, Alfred W. Allen and Leon Kornfeld the several amounts to which they were entitled. These checks were forthwith indorsed by the payees and deposited in the bank to the credit of the Golden State Realty Company; and the defendant received certificates for the stock specified in the agreement showing the same to stand in his name on the books of the several corporations. On March 7, 1916, the plaintiff issued its corporate check for $2,026.50, payable to the defendant, and

he deposited the same to his credit in the bank. To recover the amount so paid to the defendant is the subject of this action.

[1] It is the contention of the defendant that the transaction whereby he obtained the money sought to be recovered was one for the mutual exchange of checks. The evidence on this point was sharply conflicting. The secretary of the plaintiff corporation testified that the defendant stated to him that his bank account was depleted, that he was short of money and that he desired the use of the money only temporarily. He further testified that the defendant received the money as a loan and has never repaid the same. Mr. Allen was vice-president of and attorney for the plaintiff corporation at the time. He testified that he assisted in conducting the negotiations for the sale of the stock to the defendant; that these negotiations extended over a period of three or four weeks; that several forms of contract were discussed before an arrangement satisfactory to the defendant was concluded; that so far as he knew there was no understanding whereby any of the payments made by the defendant for the stock was to be returned to him; and that prior to the commencement of this action the defendant caused a portion of the stock purchased from Davis and himself to be transferred on the books of the company to a purchaser not a party to the contract of March 1st.

The defendant testified that the deal was not a money transaction at all, but was one merely for the exchange of checks. But his explanation of the details was vague and uncertain. He admitted that he had received the stock and did not deny that he had deposited the amount of the check for $2,026.50 to his credit in the bank. The trial court found that the transaction was a loan as alleged in the complaint. The conflict in the evidence was substantial and a finding on such a state of the record is conclusive and may not be disturbed on appeal. This rule is so well settled that it is unnecessary to cite authorities in support thereof. Furthermore, the contention of the defendant that the transaction was one for the exchange of checks is not in harmony with the terms of the contract to which he was a party and was unquestionably bound.

[2] During the cross-examination of Mr. Kornfeld defendant's counsel, referring to the money which had been

paid to the witness by the defendant pursuant to the contract, propounded the following question: "Do you know that that particular money, which you received from Mr. Goldwater, went to pay any debts?" Objection to this question was sustained by the court and the ruling is assigned as error.

It seems to be the position of defendant's counsel that the language of the contract of March 1st, to wit: "And further that when said moneys are so paid in by us same shall be disbursed forthwith toward discharging the outstanding obligations of the Golden State Realty Company," would justify the defendant in refusing to repay the money he had received from the plaintiff if he could show that the plaintiff had not devoted the funds it received from Davis, Allen, and Kornfeld toward the discharge of its outstanding obligations. But the Golden State Realty Company was not a party to the contract of March 1st. The evidence showed that one of the main purposes of the contract was that the defendant acquire control of the plaintiff corporation and by it Davis, Allen, and Kornfeld surrendered their entire interests in the corporation. The defendant obtained such control. He was bound by the contract and if anyone were aggrieved by a breach of the provision of the contract referred to it would be Davis, Allen, and Kornfeld, for the reason that a failure of the plaintiff or of the defendant, who presumptively was in control of the plaintiff after March 6th, to see that the moneys received by the plaintiff under the contract were disbursed in accordance therewith might subject them to a stockholder's liability. But in no event could such a breach constitute a defense to this action on the part of the plaintiff, a stranger to the contract, to recover from the defendant money to which it claimed to be entitled under the circumstances here shown. There was no error in the ruling complained of.

Judgment affirmed.

Works, Acting P. J., and Craig, J., concurred.